UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
MZOBANZI BRITSON MJWARA,

        Plaintiffs,

  -against-

DIVINE MOVING & STORAGE LTD and DAVID COHEN *individually*,

        Defendants.
----------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

  Plaintiff, Mzobanzi Britson Mjwara, by his attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to properly compensate the Plaintiff an overtime premium and for certain hours Plaintiff was required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, and an additional amount as liquidated damages, reasonable attorneys' fees and costs. Plaintiff also complains that his pay stubs were not properly issued, in that they failed to accurately state his hours worked.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code §

1367.

4. Venue is proper in this district based upon Defendants' residency within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Mzobanzi Britson Mjwara ("Britson") is a resident of the State of New York and New York County.

6. That at all times relevant hereto, Defendant Divine Moving & Storage LTD ("Divine Moving") was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

7. That at all times relevant hereto, Defendant Divine Moving does business in the State of New York.

8. That at all times relevant hereto, Defendant Divine Moving's principle place of business is 550 Barry Street Bronx, New York 10474.

9. Defendant David Cohen ("Cohen"), upon information and belief, is an owner of Defendant Divine Moving and employer of Plaintiff.

10. Plaintiff was at all relevant times employed by Defendants.

11. Defendants were at all times engaged in interstate commerce either directly or indirectly and upon information and belief did more than $500,000.00 in business during each year.

## MATERIAL FACTS

12. Plaintiff Mzobanzi Britson Mjwara was hired by Defendants in or around April of 2016 to work for Defendant Divine Moving as a Foreman.

13. Plaintiff Britson began working for the Defendant at 14 dollars an hour.

14. Plaintiff Britson duties included being in charge of the contracts for each job and had two

other workers to assist him, one was a driver and one was a helper.

15. Plaintiff Britson's shift began at around 7 am when he would go to the office to pick up the contract for the job that day and then go to the assigned truck to begin loading it with materials such as boxes, tape, shrinkwrap, etc. Once the supplies were loaded into the truck, Plaintiff Britson and his coworkers would drive to the location of the job.

16. During the hours from 7 am to 9 am (occasionally 7:30 am to 9:30 am or 8 am to 10 am) Defendants did not pay Plaintiff Britson anything.

17. Defendants only paid Plaintiff Britson from the time he came in contact with the client to the time he left the client. Defendants never paid Plaintiff Britson for the travel time to drive the truck back to the storage after the delivery was complete.

18. Plaintiff Britson often had jobs at great distance from the city and Defendants did not pay him for the time it took to get to and from the job location.

19. During the last week of the month, the busiest time for the Defendants, Plaintiff Britson often worked until 8pm or 10 pm in order to comply with Defendants' demands.

20. Plaintiff Britson's paychecks did not accurately reflect the number of hours Plaintiff Britson worked and he worked hours every day for which Defendants did not compensate him.

21. Occasionally, Plaintiff Britson had two jobs in one day, one job from 7 am to 12 pm and then had to wait till 3 pm or 4 pm to start the next job and Defendants did not pay him for the time inbetween jobs. This time he was required to wait for Defendants to assign him work.

22. Despite the heavy amount of work, Plaintiff Britson was not paid for many hours worked and was not paid time and a half for hours worked over forty (40).

23. Defendants failed to provide an accurate statement of hours the Plaintiff was required to report to work, ready to perform work and actually perform work duties.

24. This happened throughout his employment, which ended in or around September of 2018.

25. Plaintiff is owed an overtime premium and lost pay to which he is entitled under the FLSA and NYLL and has been damaged in an amount yet to be determined.

26. Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

28. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during his employment.

29. Upon information and belief, Defendants do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce.

30. Defendants failed to compensate the Plaintiff for numerous hours worked each shift when Plaintiff was required to be at work, ready to work, and actually performing the work.

31. Defendants failed to pay the legally mandated overtime premium for all hours worked over forty (40) by Plaintiff.

32. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

33. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

34. Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.; Article 6 & 9 of the NYLL; 12 NYCRR

§ 142-2.4).

35. Defendants failed to pay Plaintiff any rate of pay for certain hours when they were required to be at work, ready to work, actually performing work and/or traveling to/from work sites.

36. Defendants failed to pay Plaintiff the overtime premium for certain hours when Plaintiff was required to be at work, ready to work, and actually performing the work.

37. Defendants' failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

38. Defendants' violations were willful.

39. Defendants failed to pay the overtime premium as is required by the New York Labor Law.

40. On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

42. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

43. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with an accurate notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198

including NYLL 198(1-b).

44. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with an accurate statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

45. Plaintiff demands a trial by jury.

    **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiff to otherwise make them whole for any losses suffered as a result of such unlawful employment practices and reinstating him to his prior position;

D. Awarding Plaintiff punitive damages and liquidated damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
      January 8, 2019                                      **THE ROSE LAW GROUP, PLLC**

                                                            **/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3109 Newtown Ave.; Suite 309
Astoria, New York 11102
(718) 989-1864
Jrose@theroselawgroup.com

7